**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2890
_____

JENKINS EVERETT,
                                        Appellant

v.

CORRECTION OFFICER 1 ROBINSON; CORRECTION OFFICER 1 STEELE;
CORRECTION OFFICER 2 MOORE; CORRECTION OFFICER 3 IRWIN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00050)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 28, 2023

Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed October 4, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jenkins Everett, a Pennsylvania state prisoner and inmate at SCI-Forest, appeals the District Court's summary judgment dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. For the following reasons, we will affirm.

In 2020, Everett filed a civil rights action against four corrections officers ("COs") alleging that they violated his Eighth Amendment rights by using excessive force against him. The complaint alleged that on January 22, 2019, COs Robinson and Steele threw Everett into a wall and slammed him on the ground while escorting him to a medical appointment. Later that day, COs Moore and Irwin allegedly sprayed Everett with pepper spray in response to his request to be taken to medical. The complaint sought monetary damages and injunctive relief, including transfer to another prison.

The parties cross-moved for summary judgment. The defendants' motion only addressed the claims against COs Robinson and Steele. In an order entered September 27, 2021, the District Court, adopting the Magistrate Judge's Report and Recommendation (R&R), granted summary judgment for Robinson and Steele and denied Everett's cross motion. Moore and Irwin subsequently moved for summary judgment, and Everett filed a cross-motion for summary judgment. The District Court again adopted the Magistrate Judge's R&R over Everett's objections, and granted summary judgment in favor of Moore and Irwin and against Everett. In that same order,

2

the District Court denied Everett's motion to alter or amend the September 27th judgment. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

A prisoner seeking relief in federal court based on prison conditions must properly exhaust all the available administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Woodford v. Ngo, 548 U.S. 81, 85 (2006). To properly exhaust, a prisoner must bring his complaint to every level of the state's prison grievance system and follow all its procedures. Id. Failure to exhaust administrative remedies results in a procedural default, precluding federal review of the claim. Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). The defendants have the burden to plead and prove that exhaustion has not been met. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Under the Pennsylvania Department of Correction's (DOC) grievance system, a prisoner must complete a three-step process including the filing of a grievance with the

3

facility grievance coordinator, an appeal to the facility manager, and a final appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  See Pa. Dep't of Corr. Policy Statement, DC-ADM 804.  As relevant here, an inmate must include in his grievance any specific relief sought, including monetary and injunctive relief.  See DC-ADM 804 § 1(A)(11)(d); see also Booth v. Churner, 532 U.S. 731, 734 (2001) (holding that prisoners are required to exhaust administrative remedies for damages claims).

The DOC also has a policy statement governing "Inmate Abuse," DC-ADM 001. Pursuant to this policy, an inmate can report abuse (1) either verbally or in writing to any staff member, (2) by filing a DC-ADM 804 grievance, or (3) by filing a written report to the DOC's Bureau of Investigations and Intelligence (BII).[1]  DC-ADM 001 Policy Statement § IV(D).  In all cases, regardless of whether the abuse was reported by staff or an inmate, an investigation is undertaken as set forth in the DC-ADM 001 Procedures Manual § 1(C)(1)(c).  Allegations of abuse that are presented in a DC-ADM 804 grievance are handled according to DC-ADM 001 procedures, see DC-ADM 804 § 1(D)(2), but the "Initial Review Response" is completed by the grievance coordinator when the results are received from the BII.  The prisoner may then appeal to the facility manager.

---

[1] Under the prior version of DC-ADM 001, effective from November 24, 2014, to April 11, 2022, inmates had the option to report to the Department's Office of Special Investigations rather than the BII.

4

On February 11, 2019, Everett filed Grievance No. 786184 pursuant to DC-ADM 804, alleging that COs Robinson and Steele threw him headfirst into a wall while he was restrained, injuring his face and leg. He did not allege any details about the alleged abuse by Moore and Irwin. Everett did not specify any particular relief sought, stating only that "I wish to take legal action." ECF No. 47-1 at 6. An investigation of the abuse allegations was initiated pursuant to DC-ADM 001. See id. at 4, 7. The Initial Review Response, dated July 25, 2019, upheld the grievance, indicating that "[t]he investigation shows that the force used against you by Officer Robinson and Officer Steele was unwarranted." Id. at 4. The Response also noted that Everett "listed no relief" in his grievance, and there was no compensation awarded. Id.

On February 14, 2020, Everett appealed to the Facility Manager, arguing that his grievance had stated that he wished to take legal action in the form of a lawsuit for nominal damages, and that he had stated "to Lt. Picky" that he wished to seek a civil action for money damages. Id. at 3. The appeal was denied as untimely, and no further appeal was taken. Id. at 2.

The District Court determined that all of Everett's claims were defaulted because he did not properly exhaust his administrative remedies. We agree. With respect to his claims against Robinson and Steele, Everett failed to specifically request monetary damages or injunctive relief in his *initial* grievance, as is required by DC-ADM 804. He also failed both to timely appeal to the Facility Manager and to complete the grievance

5

process by appealing to each level. Everett does not meaningfully contest these determinations on appeal.

Everett maintained that he exhausted his remedies as to his claims against Moore and Irwin through DC-ADM 001, rather than through DC-ADM 804. He alleged that he orally reported their alleged abuse during an interview on March 12, 2019, with staff member Lt. Douglas Dickey as part of his investigation of the claims of abuse in Grievance #786184. He also claimed that he told Lt. Dickey that he was seeking monetary compensation and a prison transfer. In his motion to alter or amend the September 17, 2021 order, Everett argued that he also exhausted his remedies as to Robinson and Steele through DC-ADM 001.

The District Court noted that whether an inmate may use DC-ADM 001 to exhaust his administrative remedies was, at that time, an open question. ECF Nos. 109 at 10 (noting disagreement among the district courts), 115 at 4-6. It determined that, even assuming so, Everett had failed to raise a genuine issue of material fact as to whether he had properly exhausted his administrative remedies. While Everett's appeal was pending, however, we decided Prater v. Department of Corrections, Nos. 19-1732, 20-2254, & 20-2897, – F.4th –, 2023 WL 4921855, *13 (3d Cir. Aug. 2, 2023), in which we held that "ADM-804 is the exclusive means" by which Pennsylvania prisoners can exhaust their claims under the PLRA. As we explained, DC-ADM 001 provides a procedure by which inmates can report abuse, but it does not require a formal grievance

6

to initiate an investigation, nor does it require that the alleged abuse violate an inmate's legal rights to warrant relief, both of which are required for an inmate to obtain meaningful relief in federal court. Id. at *12. Thus, while the policies work "in tandem," they are not "interchangeable," and a prisoner must fully comply with the administrative review process under ADM 804 to satisfy the exhaustion requirement. Id. at *13.

Everett presses numerous arguments on appeal – including that the District Court procedurally erred in failing to consider a "Declaration of Truth" – all of which are either predicated or dependent on his contention that he could exhaust his administrative remedies pursuant to ADM-001. Our holding in Prater forecloses his arguments because Everett failed to properly exhaust any of his claims under DC-ADM 804. See OSS Nokalva, Inc. v. Eur. Space Agency, 617 F.3d 756, 761 (3d Cir. 2010) (recognizing that we may affirm the judgment on any grounds supported by the record, including those not reached by the District Court).

Finally, we reject Everett's contention that the grievance process was thwarted by prison officials and rendered "unavailable." "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (citation omitted). Thus, exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. 632, 644 (2016). But even considering his "Declaration of Truth," there

7

was no evidence from which it could be found that prison policies or officials interfered with Everett's ability to properly exhaust his administrative remedies under DC-ADM 804. Although, prior to Prater, there was disagreement among the district courts as to whether DC-ADM 001 was a viable alternative to DC-ADM 804 for prisoners to exhaust their claims, the prison policies are not "so opaque" that "no ordinary prisoner [could] make sense of what" they demand. Ross, 578 U.S. at 643-44. Indeed, Everett filed a grievance using DC-ADM 804 for his claims of abuse by Robinson and Steele. Rather, because the policies were "susceptible of multiple reasonable interpretations," Everett was required to "err on the side of exhaustion" and use ADM-804 to properly grieve all his claims. Id. at 644.

On this record, there is no genuine dispute that Everett failed to exhaust his administrative remedies. Accordingly, summary judgment was warranted in favor of all defendants. We will therefore affirm the District Court's judgment.